BRIDGET CONSIDINE, administratrix, *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

MARY LANGAN, administratrix, *vs.* SAME.

Bristol.    October 30, 1895. — March 10, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Life Insurance — Application required to be attached to Policy — Statute — Parol Evidence to vary Policy — Constitutional Law.*

The provisions of St. 1893, c. 434, § 1, that, if a policy of insurance upon a life contains a reference to the application of the insured and a copy thereof is not attached to the policy, the same shall not be considered a part of the policy or

received in evidence, apply to a policy issued to a person who was of full age, knew of and consented to the policy, and was examined by a physician on behalf of the company before the policy was issued; and at the trial of an action on a policy to which such copy of the application is not annexed evidence to show that some of the answers in the application were false is rightly excluded, as is also evidence of what was said by the insured, at the time of his examination, to the examining physician who was the company's agent.

The Legislature has the constitutional power to prescribe the form of a policy of insurance, and to provide that copies of all papers referred to in the policy as parts thereof, or as having any bearing thereon, shall be attached thereto, in order that the insured may know what the contract is which he has entered into; and it may also prescribe, as a penalty for the non-observance of this regulation, that, if this is not done, such papers shall not be considered a part of the policy or received in evidence.

CONTRACT. The first case was upon a policy of insurance for $500, issued by the defendant upon the life of Michael Considine, and the second case was upon a policy for $500, issued by the defendant upon the life of William Langan. At the trial in the Superior Court, before *Sherman,* J., it appeared that the insured were of full age, knew of and consented to the policies, and were examined by a physician on behalf of the company before the policies were issued. In the first case, the judge, at the close of the testimony for the plaintiff, the defendant introducing no evidence, directed the jury to return a verdict for the plaintiff, and the defendant excepted. In the second case, the defendant asked certain rulings, which the judge declined to give, and the defendant excepted. The jury returned a verdict for the plaintiff; and the judge reported both cases for the determination of this court.

If the rulings were wrong, the verdicts were to be set aside and new trials granted; otherwise, the verdicts were to stand.

*A. J. Jennings & J. M. Morton, Jr.,* for the defendant.

*J. W. Cummings & C. R. Cummings,* for the plaintiffs.

LATHROP, J. 1. The principal question, which is common to both these cases, is the construction to be given to the amendment made by the St. of 1893, c. 434, § 1, to the St. of 1887, c. 214, § 73, as amended by the St. of 1892, c. 372. The section of the St. of 1887 referred to related merely to the payment of premiums in fraud of creditors, and was intended to protect insurance companies paying policies without notice of the claims of creditors. The St. of 1892 amended this section by adding at the end the following words: " In any claim arising under a

policy which has been issued in this Commonwealth by any life insurance company, without previous medical examination, or without the knowledge and consent of the insured, or, in case said insured be a minor, without the consent of the parent, guardian, or other person having legal custody of said minor, the statements made in the application as to the age, physical condition, and family history of the insured shall be held to be valid and binding upon the company: provided, however, that the company shall not be debarred from proving, as a defence to such claim, that said statements were wilfully false, fraudulent, or misleading." The section then makes it a criminal offence for any solicitor, agent, examining physician, or other person knowingly or wilfully to make any false or fraudulent statement or representation in or with reference to any application for insurance.

The St. of 1893 amends this section by adding after the word " misleading " the following words : " and provided, further, that every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached, the same shall not be considered a part of the policy, or received in evidence. Each application for such policy shall have printed upon it, in large bold-faced type, the following words : — Under the laws of Massachusetts, each applicant for a policy of insurance to be issued hereunder is entitled to be furnished with a copy of this application attached to any policy issued thereon."

The defendant contends that the St. of 1893 applies only to the three classes of policies before mentioned, namely, those issued without any previous medical examination, those issued without the knowledge and consent of the insured, and those issued to minors ; and that, as the policies in question are not within these classes, it is entitled to show that some of the answers in the applications were false, although the applications were not attached to the policies.

While the general purpose of a proviso is to except the clause covered by it from the enacting clause, or to qualify the operation of the statute in some particular, it is often used in other senses. Thus, as it is said by Mr. Justice Field in *Georgia*

*Railroad & Banking Co.* v. *Smith,* 128 U. S. 174: "It is a common practice in legislative proceedings, on the consideration of bills, for parties desirous of securing amendments to them, to precede their proposed amendments with the term 'provided,' so as to declare that, notwithstanding existing provisions, the one thus expressed is to prevail, thus having no greater signification than would be attached to the conjunction 'but' or 'and' in the same place, and simply serving to separate or distinguish the different paragraphs or sentences."

While it is a general rule that a proviso is a limitation upon the general words preceding it, excepting and taking out something therefrom, this is not an absolute rule, and the meaning of the proviso must be ascertained from the language used. There are many cases in the reports where a proviso has been held not to be limited to the section in which it is found, but to be applicable to other sections, and even to the entire act. *The King* v. *Threlkeld,* 4 B. & Ad. 229. *United States* v. *Babbit,* 1 Black, 55. *In re Mechanics' & Farmers' Bank,* 31 Conn. 63. *Cumberland* v. *Magruder,* 34 Md. 381. *Traders' National Bank* v. *Lawrence Manuf. Co.* 96 N. C. 298. *Wartensleben* v. *Haithcock,* 80 Ala. 565. *Friedman* v. *Sullivan,* 48 Ark. 213.

The St. of 1887, c. 214, is entitled "An Act to amend and codify the statutes relating to insurance." It contains one hundred and twelve sections. Some of these are general in their character, and others refer specifically to various kinds of insurance. Sections 65 to 73, inclusive, refer only to life insurance and life insurance companies. When the Legislature amended § 73 of the St. of 1887 by the St. of 1892, it was apparently because this was the last section of this subdivision, for the amendment has no special connection with the subject matter of the section. And, for the same reason, it would seem that the amendment of 1893 was inserted in the amendment of 1892. However this may be, the question before us must be determined by the language which the Legislature has seen fit to use. The language is not "every such policy," but "every policy." The object of the Legislature was to benefit the policy holders by obliging insurance companies to attach to each policy a correct copy of the application, so that the insured might know what were the precise terms of his application. This was in

1893 the law applicable to fire insurance; St. 1887, c. 214, § 59; and to assessment insurance; St. 1890, c. 421, § 21; and we have no doubt that the Legislature intended, by the St. of 1893, to apply the same principle to life insurance generally.

The ruling, therefore, in each case, that the St. of 1893, c. 434, § 1, applied, and that, as the application was not attached to the policy, it was not part of the policy, and could not be received in evidence, was right.

2. The application in each case not being admissible in evidence, the defendant was rightfully refused permission to show by oral evidence what was said by the insured at the time of his examination by the company's agent, the examining physician, all of which was contained in the application. *Kimball* v. *Ætna Ins. Co.* 9 Allen, 540, 551. *Dolliver* v. *St. Joseph Ins. Co.* 131 Mass. 39.

3. In the second case certain instructions were asked for which were refused. These have not been argued, and we regard them as waived.

4. In both cases the defendant contends that, if the words " every policy " in the St. of 1893 apply to the policies before the court, so that it is not competent to prove by any evidence that the statements referred to in the policy and material to the risk are untrue, the statute is unconstitutional as a restraint upon the liberty of contract guaranteed by Article I. of the Declaration of Rights.

This subject matter has recently been so fully discussed in *Opinion of the Justices*, 163 Mass. 589, that it need only be said that we have no doubt of the constitutional power of the Legislature to prescribe the form of a policy of insurance, and to provide that copies of all papers referred to in the policy as parts thereof, or as having any bearing thereon, shall be attached thereto, in order that the insured may know what the contract is which he has entered into. It may also prescribe, as a penalty for the non-observance of this regulation, that, if this is not done, such papers shall not be considered a part of the policy or received in evidence.

According to the terms of the report in each case, the entry must be

*Judgment on the verdict.*