ALBRO v. MANHATTAN LIFE INS. CO.

(Circuit Court, D. Massachusetts. December 23, 1902.)

No. 1,247.

1. LIFE INSURANCE—PLACE OF CONTRACT.

The answer in an action on a life insurance policy admitted that the defendant was legally admitted to do business in Massachusetts; that the policy in suit was issued on an application made in writing to its

¶ 1. See Insurance, vol. 28, Cent. Dig. § 174.

agent in that state where the applicant resided, and was there delivered to the applicant by such agent, to whom the first premium was paid. *Held* that, in the absence of other facts, the policy was a Massachusetts contract.

**2. SAME—LAW GOVERNING CONTRACT—EFFECT OF PROVISIONS IN POLICY.**

Where a contract of life insurance is in fact made within a state between a resident thereof and a foreign insurance company legally authorized to do business therein, the parties cannot avoid statutory provisions of the state, declaring a rule of public policy with respect to such contracts made within its jurisdiction, by inserting provisions in the policy adopting the law of another state.

**8. SAME—MASSACHUSETTS STATUTE—REQUIRING ATTACHMENT OF CORRECT COPY OF APPLICATION TO POLICY.**

Under the statute of Massachusetts (Acts 1894, c. 522, § 73) providing that, unless a correct copy of the application is attached to the policy, the same shall not be considered a part of the policy or received in evidence, an application cannot be admitted in evidence as a defense to an action on the policy where the copy omitted the answers made by the applicant to certain questions, which appeared in the original, and which under some circumstances might affect the rights of the parties, although they have no bearing on the questions raised by the pleadings.

**4. SAME—RULE OF EVIDENCE IN FEDERAL COURTS—FOLLOWING STATE DECISION.**

In construing such statute the supreme judicial court of Massachusetts laid down the rule that, where under its terms the application itself was not admissible in evidence, the company could not be permitted to show by oral evidence statements made by the insured which were contained in the application, and such rule has been acquiesced in without question for a number of years. *Held,* that, without regard to its correctness, such rule was binding upon a federal court sitting within the state.

At Law. Action on life insurance policy. On demurrer to answer.

John W. Cummings, for plaintiff.
Crapo, Clifford & Clifford, for defendant.

PUTNAM, Circuit Judge. The question now before us arises on the following portion of section 73, c. 522, Acts Mass. 1894, namely:

"In any claim arising under a policy which has been issued in this commonwealth by any life insurance company, * * * the statements made in the application as to the age, physical condition, and family history of the insured shall be held to be valid and binding upon the company: provided, however, that the company shall not be debarred from proving as a defence to such claim that said statements were wilfully false, fraudulent or misleading: and provided, further, that every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence. Each application for such policy shall have printed upon it in large bold faced type the following words: 'Under the laws of Massachusetts, each applicant for a policy of insurance to be issued hereunder is entitled to be furnished with a copy of this application attached to any policy issued thereon.'"

With reference to the construction of this statute and its application to this case, the counsel on either side have cited a number of

¶ 4. Federal courts following state practice as to rules of evidence, see note to O'Connell v. Reed, 5 C. C. A. 594.

decisions. We have examined them all, but refer only to such of them as seem to us important.

The géneral history of the legislation which led up to this enactment, and the fact that the part of it with which we are concerned applies to all policies governed by the law of Massachusetts which contain referenĉes to the application within its language, were explained in Considine v. Insurance Co., 165 Mass. 462, 43 N. E. 201.

The question before us arises as follows: The plaintiff declared on a policy issued by the defendant corporation. The defendant filed an answer containing four independent paragraphs, the first and second of which rely directly on misstatements contained in the application on which it is alleged the policy issued, and also they allege that a correct copy of the application was attached to the policy as provided by the statute to which we have referred. The third paragraph adopts the first and second paragraphs, and alleges that the delivery of the policy was obtained by willful fraud in the answers made in the application already referred to. The fourth paragraph in like manner adopts the first and second paragraphs, and alleges that the statements in the application referred to were false, fraudulent, and misleading, and that the truth in reference thereto would have increased the risk of loss, so that thereby, and by the express terms and conditions of the policy, no contract of insurance binding on the defendant was made.

There is no allegation in the answer, or in the amendment thereto, to which we will refer, charging fraudulent statements, except statements in the application itself. By an amendment to the answer the defendant admitted that the copy of the application annexed to the policy was incorrect in leaving blank statements as to the age of the applicant's mother's mother, her health, and the cause of her death. The blanks in the application which according to the copy had not been filled were, in fact, filled with facts which were favorable to the applicant, but which the answer admits were truly stated. Therefore there is nothing in these omissions from the copy of the application which appertain to anything which could injuriously affect the rights of either party as the case is now presented.

The plaintiff demurred to the answer, assigning, among other reasons of demurrer, that it appeared thereby that no correct copy of the application was annexed to the policy.

The answer admits that the applicant lived in Massachusetts; that the defendant is a life insurance company legally admitted to do business in that state; that the application for the policy was made in writing to the representative of the defendant corporation at Fall River; that the defendant did issue to the applicant its policy of insurance by manual delivery thereof at Fall River by the defendant's agent to the applicant; and that the first premium was paid by the applicant to the defendant's agent, also at Fall River.

Beyond the matters which we have stated, there is nothing in the pleadings to show that the contract for insurance was not completed within Massachusetts. Notwithstanding this, the defendant argues that the contract was completed in New York, and that the usual provisions of life insurance policies, which are found in this policy,

that the contract should not go into effect until the policy had been delivered and the premium paid, relate only to the punctum temporis when the insurance is to commence. It is true that a contract of in- surance might be made which would be in all respects binding on the parties, although the policy would not become effective—that is to say, the insurance would not begin to run—until the policy had been delivered and the first premium paid, one or both. Indeed, even in this case, it is not impossible that a binding oral contract for this insurance, valid in the law against both parties, might have been made in the state of New York, but on such terms that the insur- ance should not become effective until the policy was delivered and the first premium paid. Oral agreements for insurance have been enforced, alike at law and in equity, even though no policy had been delivered and no premium paid. Nevertheless there is nothing in the pleadings in this case to sustain any proposition of this character on the part of the defendant, and, on the face of the record, the case is a clear one of a contract for life insurance made in Massachusetts between a foreign corporation, admitted to do business therein, and a resident of Massachusetts, with a delivery of the policy and a pay- ment of premium all taking place within the same state.

Such being the fact, the statute to which we have referred must be accepted as a law which governs this contract from motives of public policy. That such statutes, and that the application of them to contracts in Massachusetts, are valid and must be recognized by all courts is too well settled to need discussion. Nevertheless, the de- fendant insists that, inasmuch as there are some provisions in this policy which adopt the law of New York, and as also the policy was payable in New York, the statutory provision which we have cited does not apply. Defendant puts the case on the ground that parties making contracts may, under some circumstances, agree for the law of a state or country foreign to the place of contract. As a gen- eral principle, this cannot be disputed; but also clearly it has no ap- plication where the result thereof would be to accomplish an evasion of statutory provisions declaring a rule of public policy with refer- ence to contracts made within the jurisdiction where the legislation is enacted. Exceptions seem to have been made in reference to usury statutes, and perhaps to some other peculiar legislation, but such in- stances do not furnish the rule.

Therefore, under the first and second paragraphs as amended, the only question which can arise is whether the copy of the application is a correct one, within the meaning of the statute. Within the ordinary interpretation of the word "correct," it is not. The case is not one of idem sonans, nor of the omission of letters, nor of parts of a word, nor of any error where what is left raises a reasonable presumption what the original was. It involves omissions of entire words under such circumstances that the legal effect of the application according to the copy would, under some circumstances, be different from its effect as actually drawn. Under those circumstances, no judicial tribunal has a right to say that the statute does not apply, even though the errors may not relate to matters which are essential to the substantial rights of the particular parties in issue. If the court undertakes in this

way to transgress the language of the statute, where can it stop, and by what rule can it determine the extent of its powers in that direction? Not only are we clear on this from the necessary rules of legal construction, but our conclusions are entirely in harmony and fully sustained with and by the reasoning and conclusions of the supreme judicial court of Massachusetts in Nugent v. Association, 172 Mass. 278, 52 N. E. 440. Therefore, so far as these two paragraphs are concerned, it seems to us clear that the demurrer to the answer must be sustained.

With reference to the third and fourth paragraphs of the answer:. As we have already observed, each makes the application specifically a part of the pleading. Therefore, on strict rules, they necessarily follow the fate of the first and second paragraphs. Nevertheless, this is, perhaps, too narrow a disposition of them, because they could easily be amended to raise the question which the parties evidently intend to raise, and which is involved in an observation made by this court, as now constituted, at the trial of Hadley v. Society. What was then said has never been reported, but is referred to in the same case on appeal. 102 Fed. 856, 860, 861. That observation was with reference to the rule given at page 466, 165 Mass., and pages 202, 203, 43 N. E. Considine v. Insurance Co., 165 Mass. 462, 43 N. E. 201, already referred to. This court then considered that it would hesitate before it concluded that we are bound by a rule of evidence which might compel us to sit here and see a gross fraud committed upon an insurance company, without ability on our part to furnish relief against it, because, although a paper might not come in properly as an application in the sense that it is to be treated as a warranty, it may yet contain representations which, as representations, operate as a gross fraud on the underwriting corporation. We added that we were not prepared to. . say that a federal court, notwithstanding the decision in Considine v. Insurance Co., "must sit here and exclude, not only the application, but the testimony of the parties who heard the statements made, as to what was said, and thus permit a gross fraud in that way to be accomplished against an insurance company."

The rule stated in Considine v. Insurance Co. had reference to the statute in question here, and to an application a copy of which had not been attached to the policy, and the opinion of the court observed as follows :

"The application in each case not being admissible in evidence, the defendant was rightfully refused permission to show by oral evidence what was. said by the insured at the time of his examination by the company's agent, the examining physician, all of which was contained in the application."

In support of this two earlier cases were cited, neither of which arose under the statute in question. This is all that was said on the topic; and, certainly, it is not a very satisfactory disposition of a statute which, having been passed for the purpose of helping out inattentions or misapprehensions on the part of persons insured, then enables such persons to foreclose, without any possible relief for the underwriters, remedies against the grossest fraud, which occasionally, if not in many cases, might be proved clearly by oral testimony without the aid of the application. The statute provides that the

application itself shall not be received in evidence, but it makes no mention of proof of conversations to the support of which the application is not essential; and the general rule with reference to the exclusion of oral testimony has no relation to papers of this character. Nevertheless, the decision in Considine v. Insurance Co. seems never to have been questioned in Massachusetts, and it has been acquiesced in now for a number of years as the undoubted rule of evidence in that state. Defendant in this case saw fit to enter the state and transact business there under a statute which had thus been interpreted. Being, therefore, a rule of evidence arising out of the construction of a local statute, acquiesced in in Massachusetts, we are compelled, notwithstanding our doubts expressed on the previous occasion, to the reluctant conclusion that, as a rule of evidence, it controls this court within the district of Massachusetts. Therefore we are unable to see any manner in which the defendant can take advantage of any of the propositions which it sought to raise by its answer.

There will be a judgment that defendant's answer is insufficient in law, and that the plaintiff's demurrer is sustained, with also judgment for the plaintiff for the amount of the policy, interest, and costs.