MANHATTAN LIFE INS. CO. v. ALBRO.

(Circuit Court of Appeals, First Circuit. January 21, 1904.)

No. 484.

1. LIFE INSURANCE—MASSACHUSETTS STATUTE—REQUIRING CORRECT COPY OF APPLICATION TO BE ATTACHED TO POLICY.

Under the statute of Massachusetts (Acts 1894, c. 522, p. 718, § 73) providing that, unless a correct copy of the application is attached to a life insurance policy, it shall not be considered a part of such policy or received in evidence, an application cannot be admitted in evidence to sustain a defense to an action on the policy where the copy entirely omitted the answer of the applicant to a question respecting the health and age at the time of death of an ancestor; such omission being of a matter of substance.

2. FEDERAL COURTS—RULES OF EVIDENCE—FOLLOWING STATE DECISIONS.

In construing such statute the Supreme Judicial Court of the state laid down the rule that where, under its terms, the application was not itself admissible in evidence, the company could not be permitted to show by oral evidence statements made by the insured, which were afterward incorporated into the application, in support of a defense of fraud, and such rule has been acquiesced in without question for a number of years. *Held* that, without regard to its correctness, such rule was binding on the federal courts sitting within the state in actions at law of the same character.

In Error to the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 119 Fed. 629.

¶ 2. State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

Conformity of practice in federal courts to that in state courts, see note to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.

Edward S. Rapallo (Edward L. Short, on the brief), for plaintiff in error.

John W. Cummings (Charles R. Cummings, on the brief), for defendant in error.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. This is an action at law to recover $10,000 from a New York life insurance company upon an insurance contract completed in Massachusetts, and the questions we are to consider relate to the provisions of the statutes of Massachusetts (section 73, c. 522, p. 718, Acts 1894), which require a correct copy of an application for life insurance to be attached to the policy, and which undertake to define or limit the defenses which the company may make to an action upon the policy where the application is attached, and to declare the rights of the parties in certain particulars where the application is not attached to the policy. The particular questions which we must decide are, first, whether the copy of the application was so far a correct copy as to answer the requirements of the statute; and, second, if it shall be held that the copy attached does not meet the requirements of the statute, and is therefore not a part of the policy, and, under the terms of the statute, cannot be received in evidence, whether the insurance company, under such circumstances, in making the defense of fraud reserved to the insurance company by the statute, may, under such issue, introduce oral evidence, not as to the contents of the application, but in respect to matter which the application covers.

There is an elaborate and satisfactory discussion of the question of the requirements of the statutes in respect to a correct copy of the application in Nugent v. Greenfield Life Association, 172 Mass. 278, 52 N. E. 440. In the course of the reasoning of the court in that case it is said that a copy which differs in substance from the original cannot be a correct copy, in the common acceptation of terms, and we have no hesitation in adopting that view. Any other view would defeat the manifest purpose of the statute. The opinion in that case carefully points out that a reasonable construction of the statute does not require that the copy shall be exactly and literally correct, and that the statute would not necessarily operate upon mere clerical errors, which cannot in any possible event affect the rights or obligations of the parties. The ground of the decision in that case is that the statute is not complied with, if there are discrepancies of substance between the application actually signed and the copy attached to the policy. This must be sound, and is, we think, sufficiently favorable to the insurance company.

In the case at bar, in connection with the family history, under a form which assumed to require it, the application contained a representation that the insured's grandmother died at the age of 109, of old age, and that her health had been good. The paper annexed to the policy varied from this, to the extent of being silent upon this subject. This, we think, was a matter of substance; that is to say, it being a succinct history of the health and age and cause of death of

one of the ancestors of the insured, it became so far a substantial feature of the application that a paper which contained nothing whatever about the subject cannot be said to comply with the statute, which imperatively requires a correct copy of an application to be attached to the policy. It is not, we think, under the circumstances, a question whether it was so far a matter of substance as to affect the risk, but whether, under the common acceptation of terms and expressions, a copy with so substantial and so extensive an omission can be said to be a correct copy, within the meaning of the statute. We think the Circuit Court was right in excluding the paper annexed to the policy which purported to be a copy of the application, and in excluding from the case all considerations in respect to alleged breaches of warranty, and in refusing to allow the application to be introduced as evidence for the purpose of showing what representations were made by the insured when the application was signed. In doing this the court was simply obeying the imperative and unqualified provisions of the Massachusetts statute which declares that, in a case where a correct copy of the application is not attached to the policy, the application shall not be received in evidence or considered a part of the policy.

In view of the decision in Provident Savings Life Assurance Society v. Hadley, 102 Fed. 856, 43 C. C. A. 25, there is no occasion to discuss the question of the application of the Massachusetts statute to the case we are now considering; and we now have only to deal with the assignment of error based upon the qualified or limited manner in which the issue of fraud was submitted to the jury after the application had been (properly, as we think) withdrawn from the cause.

The material part of the statute under consideration is as follows:

"In any claim arising under a policy which has been issued in this commonwealth by any life insurance company, without previous medical examination, or without the knowledge and consent of the insured, or, in case said insured is a minor, without the consent of the parent, guardian or other person having legal custody of said minor, the statements made in the application as to the age, physical condition and family history of the insured shall be held to be valid and binding upon the company; provided, however, that the company shall not be debarred from proving as a defence to such claim that said statements were wilfully false, fraudulent or misleading; and provided, further, that every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence."

The learned judge who presided at the jury trial, having held that a correct copy of the application was not attached to the policy, and feeling bound by what was said by the Supreme Court of Massachusetts in Considine v. Metropolitan Ins. Co., 165 Mass. 462, 466, 43 N. E. 201, and in Nugent v. Greenfield Life Association, 172 Mass. 278, 52 N. E. 440, with hesitancy and under expressions of very grave doubts, excluded oral representations or statements by the insured which were afterwards incorporated into the application of insurance, and which were material to the defense of fraud, saved to the defendant by the statute.

It is open to argument whether the Massachusetts court, in the cases referred to, intended a construction of the statute as one which should exclude evidence of this character. It is clear enough that, if the ap-

plication is attached to the policy, the defense of actual fraud may be aided by the evidence contained in the written application. It is also clear that there are apt words in the statute withdrawing an unattached copy from the policy and from the evidence as showing a contract, and apt words, under such circumstances, destructive of the conditions and warranties in the policy based upon the application, and words which, under reasonable construction, destroy the right of the insurance company to use an unannexed application as evidence upon the question of fraud; but it is difficult for us to find words in the statute which indicate any purpose of the Legislature to qualify or abridge the scope of oral evidence in support of the expressly reserved and unqualified defense of fraud, where the oral evidence is not offered as a part of the contract or as a part of the application, but as evidence tending to show that no contract was ever made.

The question presented in this case involves a rule of evidence, and the rule adopted by Judge Putnam was one which it was supposed the highest court of the state had enunciated as the result of its construction of the Massachusetts statute. It is not so clear that the Massachusetts court, in the cases referred to, intended to go to the extent of holding a limitation upon oral proofs, independent of the application, upon a question of fraud going to the foundation of the contract and to its existence, that we can accept such a view as not involving error without hesitation and reluctance. But however the question of evidence might appear if we were at liberty to treat it as an original and open question, the authorities are numerous which hold that in actions at law a settled rule of evidence and settled rules of law in a state, especially when they result from express provisions of a state statute, or from a construction or interpretation thereof by its highest court, will be accepted as binding upon a United States court exercising jurisdiction within such state, provided they do not conflict with the federal Constitution, the federal statutes, or general or commercial law, and the case in which the rule is sought to be applied does not involve rights accruing prior to the time at which the rules of evidence or rule of right in question was enacted or enunciated; and, on the whole, we conclude, in view of the broad expressions of the state court, that we are bound by them, under this class of federal cases, for reasons which we shall state further on, though it does not expressly and distinctly appear that the question with which we are dealing was fully and carefully considered by the Massachusetts court.

It is not necessary to review the reasons which impel the federal courts to accept as conclusive, under such circumstances, the decisions of state tribunals. It is sufficient to say that it results in part from the provisions of the federal statutes, and in part from considerations of comity, promoted by a public policy which requires, so far as may be, that there shall be but one system of laws administered in respect to property and rights within a given state.

It is urged by the insurance company against the decisions in Considine v. Company and Nugent v. Company, to which we have referred, that it does not appear that the precise question presented here was discussed by counsel, or that the view urged in the case at bar was considered by the court in those cases, and that the general expressions

therein resulted inadvertently from the point of view of the court that oral proofs of the contents of the application were being offered to prove its contents as a part of the contract. It must be observed, however, that the issue of fraud was, in a general way, in issue, at least in the last-mentioned case, and the language employed in the opinion in both cases, though general, was sufficiently broad to exclude the evidence which the presiding judge excluded at the trial of the case at bar.

In Considine v. Company, 165 Mass. 462, 43 N. E. 201, it is said at page 466, 165 Mass., and page 202, 43 N. E.:

"The application * * * not being admissible in evidence, the defendant was rightfully refused permission to show by oral evidence what was said by the insured at the time of his examination, * * * all of which was contained in the application."

In Nugent v. Association, 172 Mass. 278, 280, 281, 52 N. E. 440, 441, it is said, referring to the statute in question:

"This provision came before the court in Considine v. Metropolitan Insurance Company, 165 Mass. 462 [43 N. E. 201], and it was there held that the provision was applicable to all premium life insurance; that while it rendered the application inadmissible, and forbade it to be considered as a part of the contract, the defendant could not show what was said by the insured at the time of his medical examination, and that the provision was within the constitutional power of the Legislature."

In Cross v. Allen, 141 U. S. 528, 538, 12 Sup. Ct. 67, 71, 35 L. Ed. 843, it was urged that certain decisions of the Supreme Court of Oregon were not binding upon the federal courts, because they were decided without being fully argued, and without mature consideration of the question involved, and therefore were not a rule of property in the state; but in the course of the opinion, at page 538, 141 U. S., page 71, 12 Sup. Ct., 35 L. Ed. 843, Mr. Justice Lamar, in speaking for the court, said:

"Without discussing this question upon the merits, it is sufficient to say that the Supreme Court of the state has decided in the affirmative in at least two separate cases, * * * and it is not our province to question such construction. Being a construction by the highest court of the state of its Constitution and laws, we should accept it. * * * Such argument might with propriety be addressed to the Supreme Court of the state, but it is without favor here. We are bound to presume that, when the question arose in the state court, it was thoroughly considered by that tribunal, and that the decision rendered embodied its deliberate judgment thereon."

The decisions upon the general question as to the binding force of construction and interpretation of local statutes by the highest court of a state are so numerous, and the rule is so familiar, that we do not deem it at all necessary to enter upon a citation of authorities upon the general proposition. The rule which we have observed is a familiar one, and holds good, though it rests on a single decision, provided it has been acquiesced in for a considerable time, and its binding force is recognized, although the construction "is not altogether satisfactory." Noble v. Mitchell, 164 U. S. 367, 372, 17 Sup. Ct. 110, 41 L. Ed. 472.

We disclaim having entered upon the question of the construction of the statute as an original question, and it should be said that the decisions of the state court thereon are not based upon a satisfactory discussion of the precise question presented here; still, in view of the fact

that the question was before the Massachusetts court in at least one of the cases, and in view of the doctrine of presumption of deliberate judgment upon thorough consideration by the highest court of a state so strongly expressed by the Supreme Court in Cross v. Allen, supra, we cannot say that the learned judge below should have done otherwise than accept the Massachusetts authorities as conclusive upon the statutory rule of evidence.

The judgment of the Circuit Court is affirmed, with costs for the defendant in error.