# METROPOLITAN LIFE INSURANCE COMPANY *v.* HAWKINS.

LIFE INSURANCE; CONSTITUTIONAL LAW; FOREIGN CORPORATIONS.

1. Under sec. 657, D. C. Code, 31 Stat. at L. 1294, chap. 854, providing that no defense shall be allowed on a policy of life insurance unless the insurer deliver with the policy a copy of the application made by the insured, it is necessary that a copy of the entire application be delivered with the policy; it not being left to the discretion of the insurer to select such parts of the application as it may deem material for delivery with the policy.

2. *Semble,* that Congress had power to enact sec. 657 D. C. Code, providing that no defense shall be allowed on a policy of life insurance unless the insurer deliver with the policy a copy of the application made by the insured.

3. A foreign life insurance company doing business in the District of Columbia may be prohibited from doing business here or admitted, under any conditions that Congress may impose; and such a company is in no position to question the power of Congress to enact a statute providing that no life insurance company doing business here shall make any defense to an action on one of its policies unless it deliver to the insured with the policy a copy of the application made by the insured.

No. 1887.   Submitted May 8, 1908.   Decided June 2, 1908.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, upon an agreed statement of facts, in an action on a policy of life insurance.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This action was begun in the justice's court by Charlotte Hawkins against the Metropolitan Insurance Company, a corporation created by the laws of the State of New York, to recover the sum of $220 upon a policy of insurance issued on the life of Edward Hawkins in which she was named as the beneficiary.    Judgment was rendered for defendant, from which plaintiff appealed to the supreme court of the District. The case was there submitted to the court upon the agreed statement of facts, and resulted in a judgment for the plaintiff, from which the defendant has prosecuted this appeal.    The facts of plaintiff's case are these:   On March 20, 1906, Edward Hawkins made application for insurance to the insurance company which issued its policy on April 2, 1906, agreeing therein to pay to said Charlotte Hawkins, the mother of the applicant, the sum of $220 in the event of his death within three years. Edward Hawkins died December 9, 1906, and plaintiff furnished the required proof of death.    The defense was that the insured warranted in his said application that he was in sound health, had not been under the care of any physician for two years prior to the date of application, and had never been treated in any dispensary, hospital, or asylum; whereas he had in fact been treated in the Emergency Hospital for aneurism of the arch of the aorta, from July, 1905, to December, 1905, and his death was caused by said disease.   In support of this defense, the defendant offered the application in evidence to show the said representations and warranty, and then offered to prove by Dr. Thomas that he had treated the deceased in the Emergency Hospital and in Georgetown Hospital between July 5, 1905, and December, 1905, for aneurism of the arch of the aorta, that he was present at an autopsy of his body on December 9, 1906, which disclosed the fact that death was caused by said disease.

Plaintiff objected to the introduction of the application on the ground that a copy of the same had not been delivered with the policy as required by sec. 657 of the Code [31 Stat. at L.

1294, chap. 854], and to the testimony of the surgeon as prohibited by sec. 1073 [31 Stat. at L. 1358, chap. 854].

The application offered in evidence is a paper of two leaves or four pages, on the top of the first page of which appears in large letters the words: "Application to the Metropolitan Life Insurance Company." It is divided in four parts entitled A, B, C, and D. Part A is required to be filled out by the agent and signed by the applicant. This shows the name, residence, occupation, place of birth, and age of applicant; the amount of the insurance, the premium to be paid, and the name, age, and relationship of the beneficiary. It also shows, by question and answer, that the applicant has no other policy in this or any other company. This was signed by Edward Hawkins under the words, "I hereby apply for the above-described policy." Part B is the agent's certificate, containing his answers to questions propounded to him touching his knowledge of the risk. Part C contains eleven printed questions propounded to the applicant by the medical examiner. This contains the heading showing application and the warranty of the truth of the representations therein made. The first paragraph relates to occupation, and the answer is entered as hotel waiter. The remaining paragraphs relate to certain diseases and physical conditions; to medical treatment, former injuries, former insurance; and to existence of pulmonary or scrofulous diseases in family. To show the form of these paragraphs, that on which the defense is founded is here inserted: "5. I have not been under the care of any physician within two years unless as stated in previous line, *except.*" These are followed by printed provisions, the first of which is: "I agree that as to each and every one of the foregoing paragraphs, where nothing is written after the words 'except,' I warrant the statement therein made without exception." Others contain an express warranty, a waiver of the benefit of the provisions of the New York statute, sec. 88, chap. 690, passed May 18, 1892, a special requirement that any physician who has attended the applicant may disclose any information acquired by him affecting the declarations and warranties made, and a waiver of the provisions of any statute

making such physician's knowledge privileged, or forbidding him to testify. No entries were made under any of the foregoing paragraphs but the first. The signature of Edward Hawkins appears at the bottom of the page. Part D, on the third page, contains the report of the medical examiner, and is signed by him alone. The policy refers to the application, "a copy of which is hereto attached," making it and its warranties a part of the contract. On the back of this policy appears a substantial copy of part C aforesaid, and of no other part of the said application.

*Mr. Walter V. R. Berry, Mr. Benjamin S. Minor,* and *Mr. Hugh B. Rowland* for the appellant.

*Mr. W. Gwynn Gardiner* and *Mr. E. N. Hopewell* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The provision of the statute, on which the objection to the introduction of the original application in evidence is founded, is sec. 657 of chap. 18 of the District Code [32 Stat. at L. 534, chap. 1329], relating to corporations. It reads as follows: *"Sec. 657. Copy of Application to be delivered with Policy.* Each life insurance company, benefit order, and association doing a life-insurance business in the District of Columbia shall deliver with each policy issued by it a copy of the application made by the insured so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in or omitted from such application." Statutes similar to this exist in some of the States, and have been held to require that a substantial copy of the entire application on which the policy has been issued should be delivered therewith, to permit a defense to an action on the same on account of anything contained in or omittted from the application. *Nugent* v. *Greenfield Life*

*Asso.* 172 Mass. 278, 281, 52 N. E. 440; *Considine* v. *Metropolitan L. Ins. Co.* 165 Mass. 462, 466, 43 N. E. 201; *Johnson* v. *Des Moines L. Ins. Co.* 105 Iowa, 273, 75 N. W. 101; *Morris* v. *State Mut. Life Assur. Co.* 183 Pa. 563, 571, 39 Atl. 52; *Metropolitan L. Ins. Co.* v. *Howle,* 68 Ohio St. 614, 618, 68 N. E. 4; *Metropolitan L. Ins. Co.* v. *Moore,* 117 Ky. 651, 653, 79 S. W. 219.

We agree entirely with Mr. Justice Barnard, who rendered the judgment, that the application was not admissible in evidence by reason of the provisions of sec. 657, and adopt the following extract from his opinion, which is found in the record:

"Part A must necessarily be a part of the contract of insurance, for it contains the important facts which enable the company to know the character of the risk to be assumed, and the answers to questions which the insured is required to state truly over his signature as the basis for the contract.

"I do not think that parts B and D constitute any portion of the contract between the insured and the defendant company, but part A and part C are both required to make a complete application, and both necessarily entered into the contract; and under the provisions of sec. 657 of the Code, both of these parts should have been delivered with the policy in order that the whole contract may appear.

"It is not enough that part C be furnished with the policy; part A is referred to in part C, and both enter into the contract."

Without reciting the statements of part A, some of which are practically remade in part C, there is one not so remade, namely, the age of the applicant. This determines the amount of the premium in the first instance, and is therefore material. Although by the terms of the policy misstatement of the age does not avoid all claims thereunder, it is material in that the insurer may discharge the claim of the policy, in case of death, by paying the sum, only, that the premium, based on mistaken age, would have purchased at the true age. This question of materiality, however, is settled by the statute which requires a copy of the application, that is to say the entire application, that

Vol. XXXI.—32.

is made for the policy.   It is not left to the discretion of the insurer to select such parts of the application as it may deem material for delivery with its policy.   This conclusion renders it unnecessary to consider the question of the competency of the physician's testimony.   The application being inadmissible as a ground of defense, there remained no foundation for other evidence.

Statutes similar to ours have been upheld in several of the States as clearly within the legislative power.   See cases before cited.   There seems to be little or no doubt that the like power resides in the Congress of the United States to be exercised in the District of Columbia.   The appellant, however, is in no position to raise the broad question.   It is a foreign corporation that may be prohibited from doing business in the District of Columbia, or admitted under any conditions that Congress may impose.   Accepting the permission, it must perform the condition.   .

The judgment will be affirmed with costs.      *Affirmed.*