Argued February 3, affirmed March 9, 1920.

## GRIFFA v. MONMOUTH.

(188 Pac. 163.)

**Municipal Corporations—Statutes—The Word "Provided" Construed—Public Highways Within City Subject to Improvement by City.**

1. The usual office of the word "provided" in a statute is to create a condition or to restrain the enacting clause, to except something which would otherwise be in it, or in some manner modify it, but, under Laws of 1899, page 472, Charter of City of Monmouth,

95 Or.—28

Section 29, authorizing the common council to lay out, establish, vacate, and open streets, "provided that all public highways and roads within the corporate limits of said city become streets," a highway within such limits became a street, "provided" having been inartistically used as a conjunction, despite Laws of 1917, page 78, expressly giving the city jurisdiction over such highway by name.

[As to the proviso in a section of a statute as applying to other sections, see note in **Ann. Cas.** 1913E, 658.]

From Polk: HARRY H. BELT, Judge.

Department 2.

This is a suit brought to enjoin special street assessments made by the defendant city against the property of plaintiffs, the grounds of the controversy being as follows:

The common council of the town of Monmouth, Oregon, a municipal corporation, improved the portion of the thoroughfare in said town, termed "Main Street," from the west line of Monmouth Avenue to the east line of Broad Street, by grading and hardsurfacing the same, building concrete curb lines and installing a system of storm sewers, and attempted to assess each lot or tract of land abutting thereon with the entire cost of the improvement in front of such lots or tracts, from the property line to the middle of the thoroughfare improved, under the "front-foot" rule. The proceedings were conducted under the Charter of Monmouth enacted by the legislative assembly February 6, 1899 (Laws 1899, p. 472). For the purpose of this appeal, it is conceded by appellants that the proceedings concerning the improvement were conducted substantially in accordance with the charter. The facts, with the exception of whether the thoroughfare was and is a *county road* or a *city street,* and whether the town of Monmouth had authority to make the improvement and assess the abutting property with the cost thereof, are stipulated. It is also con-

ceded by the appellants that, if the thoroughfare improved was not a *county road,* and the town of Monmouth had authority under the present charter to improve the same, and assess the abutting property with the cost thereof, the assessments attempted to be levied on the appellant's property are valid, and the suit should be dismissed. On the other hand, it is conceded by respondents that, if the thoroughfare improved is a *public county road,* the town of Monmouth was without authority to improve the same and create a special lien against the abutting property for the cost thereof, and the relief asked for in the complaint should be granted.

Suit was brought by the appellants, who own land abutting on the improved thoroughfare, to have the special assessments against their respective lots or tracts decreed illegal and the sale of same enjoined, and their titles quieted as against the town of Monmouth. The findings and decree of the lower court were in favor of the defendants and plaintiffs appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. George J. Perkins.*

For respondents there was a brief and an oral argument by *Mr. Oscar Hayter.*

McBRIDE, C. J.—From the above statement, which is taken largely from appellant's brief, it will be seen that the only question to be decided is whether or not the thoroughfare known as ''Main Street'' is a county road or a city street. If it is a county road the appellants must prevail. If it is a city street, appellants concede that the decree of the Circuit Court must be affirmed.

By an act approved February 6, 1899 (Gen. Laws 1899, p. 472), a new charter was granted to the City of Monmouth, whereby it was granted, among other things, the authority "to grade, pave, macadamize, plank or otherwise improve, clean and keep in repair streets, highways, alleys, cross-walks and bridges."

Section 29 of said act is as follows:

"The common council is authorized and empowered to lay out, establish, vacate, widen, extend and open streets and alleys in said city, and appropriate money for that purpose; and to establish and alter the grade of any street or any part thereof, and to construct and improve sidewalks, pavements, streets and parts of streets within the city limits, making full or partial improvements thereon, and to establish a system of sewerage and to construct and repair drains and sewers; and it has full power to determine and provide for everything necessary and convenient for the exercise of authority herein granted; *provided,* that all public highways and roads within the corporate limits of said city become streets and subject to the supervision and control of the common council."

The contention of appellants is, that the word "provided" in the section quoted, should be construed as a condition having reference to some future action to be taken to convert the then existing roads and highways into streets, and that said section did not, by its own force, convert such ways into streets.

1. It is a rule sustained, not only by the numerous authorities cited by counsel for applicants, but substantially by all the authorities, that the usual office of the word "provided" in a statute is to create a condition or to restrain the enacting clause, to except something which would otherwise be in it, or in some manner modify it. But, while this may be stated as the general rule, it is not absolute.

In *Georgia R. R. & Banking Co.* v. *Smith,* 128 U. S. 174 (32 L. Ed. 377, 9 Sup. Ct. Rep. 47), Justice Field said:

"The general purpose of a proviso, as is well known, is to except the clause covered by it from the general provisions of a statute, or from some provisions of it, or to qualify the operation of the statute in some particular. But it is often used in other senses. It is a common practice in legislative proceedings, on the consideration of bills, for parties desirous of securing amendments to them, to precede their proposed amendments with the term 'provided,' so as to declare that, notwithstanding existing provisions, the one thus expressed is to prevail, thus having no greater significance than would be attached to the conjunction 'but' or 'and' in the same place, and simply serving to separate or distinguish the different paragraphs or sentences. Several illustrations are given by counsel of the use of the term in this sense, showing, in such cases, where an amendment has been made, though the provision following often has no relation to what precedes it."

To the same effect are, *Considine* v. *Metropolitan Life Ins. Co.,* 165 Mass. 462 (43 N. E. 201); *Smalley* v. *Ashland Brown-Stone Co.,* 114 Mich. 104 (72 N. W. 29); *Terrell* v. *City of Paducah et al.,* 122 Ky. 331 (92 S. W. 310, 5 L. R. A. (N. S.) 289); *Brace* v. *Solner,* 1 Alaska, 361; *Carter Webster & Co.* v. *United States,* 143 Fed. 256 (74 C. C. A. 394), and many other cases.

To construe the language referred to as a proviso or condition would lead to the result that the common council could not exercise any of the powers granted in the preceding portion of the section, except upon the condition that the public highways and roads in the city should first become streets, and, as there was no method provided by which they could become

streets, except by an act of the legislature, the powers granted would remain in a state of paralysis until the legislature should, by another act, declare such roads to be streets.

We cannot assume that it was the legislative intent to bring about so absurd a result or to merely hint at what might be done, should another legislature see fit to pass an act making such public ways streets, but that the actual intent was to transform the public roads and highways in the city immediately into streets.

Following the theory of the cases last cited, and taking into consideration the conditions which existed when the charter of 1899 was enacted, we hold that the word "provided" in Section 29 of the charter, was not intended as a condition, but was inartistically used as a conjunction, and that the clause in question should be construed as if, instead of the word "provided," the conjunction "and" had been used, or the phrase "it is further provided" had been employed.

The fact that the legislature, after these proceedings were begun, passed an act expressly giving the City of Monmouth jurisdiction over "the highway known as Main Street" did not alter the effect of the charter of 1899. If the city already had such jurisdiction under that charter, and we hold that it did have, a subsequent act again granting it could not take away the jurisdiction originally granted.

The act alluded to and which became effective February 7, 1917 (Chapter 55, Gen. Laws 1917), recites that "at this time there exists confusion concerning the jurisdiction of the City of Monmouth over said highway, within the corporate limits thereof." This

confusion was evidently caused by the contention made by plaintiffs in the case at bar, and it was to clear this up and settle beyond question the rights of the City of Monmouth over the highway in question that the act was passed. As a matter of law the act was unnecessary and gave the city no additional authority, as that granted by the Charter of 1899 was plenary.

These considerations render it unnecessary to discuss the other points argued by counsel.

The decree of the Circuit Court is affirmed.

AFFIRMED.

BURNETT, BEAN and JOHNS, JJ., concur.