## Commonwealth ex rel. v. Dyshel

*Charles S. Solit*, for Commonwealth.

*Michael H. Egnal*, for defendant.

CRUMLISH, J., July 16, 1941.—This is an appeal from a summary conviction by a magistrate of a licensed weighmaster of solid fuel for violation of the Act of July 19, 1935, P. L. 1356, 76 PS §342 et seq.

The case has been tried de novo: Commonwealth v. Oliver, 77 Pa. Superior Ct. 580 (1921); Commonwealth v. Peacock, 118 Pa. Superior Ct. 168 (1935).

The Act of 1935, supra, provides:

"Section 2. It shall be unlawful to sell solid fuels excepting by weight. No person shall sell or deliver, or start out for delivery, less than two thousand (2,000) pounds of weight to the ton of any solid fuel or a proper proportion thereof in quantities less than a ton, and such solid fuel shall be duly weighed by a licensed weighmaster on accurate scales, and tolerance at the rate of thirty (30) pounds to the ton shall be allowed for unavoidable wastage and unavoidable variance in scales.

"Section 3. No person, upon the sale of solid fuel, shall deliver, or cause to be delivered, or to be started out for delivery, any solid fuel, without each lot, in

each separate compartment of any vehicle or vehicle and trailer, being accompanied by a weight certificate, issued by a licensed weighmaster, on which shall be distinctly expressed:

(*a*) In pounds, the weight, kind, and size of the solid fuel;

(*b*) The name of the seller;

(*c*) The name of the purchaser;

(*d*) The license number of the vehicle; and

(*e*) The signature of the licensed weighmaster by whom weighed.

In all cases the weight certificate shall be delivered to the purchser. . . .

"Section 7. It shall be unlawful for any weighmaster to issue a false or incorrect weight certificate, or for any person to solicit him to do so . . .

"Section 8. Any person violating any of the provisions of this act shall, upon summary conviction before a magistrate, be sentenced for the first offense to pay a fine of not more than fifty dollars ($50.00) and costs of prosecution, and in default of payment thereof shall undergo imprisonment for not more than ten days. . . ."

The usual procedure adopted by weighmasters upon weighing solid fuel, under the act, is to prepare weight certificates in triplicate, the original and one copy going to the seller, who in turn delivers the original to the purchaser, and the third copy remaining as part of the records of the weighmaster. The evidence presented showed that on certain of the triplicate copies remaining with defendant no seller's name appears but only the license number of his truck, and on others no purchaser's name or address is given but the word "same" written instead. Defendant attempted to justify the omission of the seller's name on the ground that he used a rubber stamp on the original and duplicate and that the license number on the triplicate was a sufficient basis for checking the identity of the seller;

and the use of the word "same" instead of the purchaser's name on the ground that the seller at the time did not have a purchaser and therefore indicated himself as the purchaser until one was found, at which time he notified the weighmaster of his identity.

Further evidence was presented to the effect that a delivery truck was halted by an inspector of the bureau of weights and measures; that its weight certificates showed that it had been weighed by defendant; that a tare or empty weight of 6,350 pounds was indicated on the certificates and a gross of 12,350; that the inspector had the truck weighed and found a tare weight of 5,100 and a gross of 10,820; that the truck had a five-ton capacity and was divided into five compartments, three of which were full when it was halted; that the seller had four certificates, the fourth belonging to a ton which he had already dropped; that at the magistrate's hearing he claimed to have dropped in addition a half ton and had lost the certificate pertaining thereto; that he produced a fifth certificate issued by defendant as a duplicate in place of the lost certificate; and that the fifth certificate showed a tare weight of 5,350 pounds. Defendant testified that he added 250 pounds to the tare of 5,100 because the truck had accumulated the extra weight in snow and moisture.

The prosecution claims that defendant has violated the act because he failed to insert the purchaser's name in certain certificates and the seller's name in others. Defendant contends that section 3 pertains only to the person who sells and delivers the fuel and not to the weighmaster. In this, he is supported by the clear language of the act. However, section 7 makes it unlawful for a weighmaster to issue a "false or incorrect weight certificate". Incorrectness connotes more than inaccuracy in what is stated. It includes incompleteness as well, since an incomplete statement may be as inaccurate as one misstating the required facts: cf.

Albro v. Manhattan Life Ins. Co., 119 Fed. 629, 632 (C. C. Mass. 1902). Furthermore, having used "false" to express lack of truthfulness and inaccuracy in the information supplied, the legislature probably did not intend "incorrect" to be merely a synonym but rather as an expression of the broader meaning of incompleteness: cf. U. S. v. Ninety-nine Diamonds et al., 139 Fed. 961 (C. C. A. 8th 1905); In re Gilpin, 160 Fed. 171 (E. D. Pa. 1908).

In determining when a certificate is complete, it is reasonable to refer to section 3, which appears to complement section 7. However, there is nothing in that section as to duplicate or triplicate certificates. See, however, the amendatory Act of June 24, 1941, no. 86. Only the requirements of the original which is to be delivered to the purchaser are stated. In the present case, no originals were produced at the trial, and it seems improper to presume that they were defective merely from the deficiencies appearing in the duplicates. Such a result would be an undue extension of a penal statute by implication. Incompleteness in the records of the weighmaster may be ground for revocation of his license, but that question is not before the court.

As to the falsity of the certificates issued to the trucker who was halted by the inspector, the prosecution claims that the tare weight was untruthfully stated and that defendant did not separately weigh the half ton alleged also to have been delivered. When the inspector halted the truck, the tare weight indicated by the certificates held by the driver was 6,350 pounds, whereas the true tare weight was found to be 5,100 pounds upon actual weighing by the inspector. This discrepancy was explained by the loss of the half-ton certificate (1,000 pounds) and by the addition of the 250 pounds to the tare weight to represent the accumulation of snow and moisture. If the truth of this explanation is accepted, it legally avoids the charge that a false certificate had been issued. The prosecu-

tion did not successfully dispute these facts and did not attempt to show the possibility of fraud in the practice pursued by defendant of increasing the tare weight under similar circumstances. Consequently, there is little basis for the charge that the tare weight was falsified.

With respect to the charge that the half ton was not separately weighed, there was no evidence that the half-ton certificate did not accurately state the weight of the coal delivered. However, defendant admitted not having weighed the half ton separately. This must be considered a violation of the act because it is implicit in the provisions of the act that each compartment of the truck be weighed separately; otherwise, the weighmaster could not comply with the requirement that the certificate state the weight of each compartment as a separate lot. See Commonwealth v. Marchel, 35 D. & C. 162 (1938). Furthermore, one who states a fact without possessing information does not know the fact and makes a false weight certificate in violation of the requirements of the act.

A more serious violation appears on the face of the record. When the truck was halted, it had three compartments full and certificates indicating that each compartment contained one ton. The inspector found by weighing the truck that the gross was 10,820 and the tare 5,100 pounds. Simple mathematics will show the net weight to be 5,720 or 280 pounds less than three tons. This is a deficiency beyond the 30-pound leeway allowed by the act for each ton and was not explained in any way at the trial. This and other evidence in the record supports the charge that the certificates issued were "false or incorrect" in violation of the statute.

### Order

And now, to wit, July 16, 1941, defendant, Benjamin H. Dyshel, is adjudged guilty of violation of the Act of July 19, 1935, P. L. 1356.

A fine of $25 is imposed, defendant to pay the costs.